Freeman, J.,
delivered the opinion of the court.
This is an action on a policy of insurance issued by the Phoenix Insurance Company of Hartford, in the State of Connecticut, upon a house and printing press and materials, in Helena, Arkansas, which were *425 destroyed by fire on the 24th of January, 1861. It appears that C. P. King was, and had been for some time, the agent of the company at Helena for receiving propositions and effecting insurance upon property, and as such agent had issued the policy upon which the suit is brought.
Several points are pressed in the argument for reversal, — the jury, under the instructions of the court, having found a verdict for the plaintiff.
First, it is objected that certain papers were allowed to be taken out by the jury, as well as certain depositions which had been excluded from their ■consideration by the court.
This objection cannot be allowed as it stands in the record; as we see that the court excluded these matters from the consideration of the jury, and we have nothing to show that the excluded matter was ever read by the jury, or that the fact of taking these papers out with them had the slightest influence on the verdict rendered. It might be that if it appeared that the papers were read by the jury, there would be something in this objection; but until something of this kind is shown, we must presume that the jury considered only the testimony permitted by the court to go to them, rather than that they violated their duty.
It is insisted, however, that the policy was not payable, because of a failure to comply with certain conditions ' annexed to it.
First, a condition, or rather stipulation, the precise effect of which, as it stands, we need not now deter *426 mine, — that in case of loss the party shall forthwith give notice to the company or its agent. Whether this was strictly complied with we need not at present consider, as it was left to the jury whether such compliance had not been waived by the agent, King, who issued the policy, and the jury have found that it was so waived. We think the proof shows that the agent to whom the notice was to be, or by the terms of the stipulation might be, given, was satisfied with the notice of loss,' and that thereby the party was prevented from doing more than he did.
But the principal matter debated before us is found in the fifteenth condition annexed to the policy, which provided in substance that no suit should be brought on this policy except within twelve months after the loss should have occurred, and that in case any such suit were brought after the expiration of this period the lapse of time should be taken as conclusive evidence against ■ the validity of the claim. The war coming on, this suit was not brought until July 30, 1866, — the loss occurring, as stated, January 24, 1861.
On this question we unhesitatingly adopt the view taken by the Supreme Court of the United States in’ the case of Semmes v. Hartford Insurance Co., 13 Wallace, 158, that the war prevented the performance of the condition of the contract within the time agreed on, and rebutted the presumption attaching to the non-performance thereof, and that when once rebutted nothing but a presumption of law or of fact can revive it, and that there is nothing in the law or in the contract that does so revive it.
*427 The court said that after the performance of the contract was defeated by the war, suspending and preventing the suit, the ordinary statute of limitations alone remained for the protection of the insurer; and so we think here.
Several other questions were discussed before us, but we do not deem it necessary to determine them. It suffices to say that most of them were passed upon by the jury, and we see nothing upon which we are authorized to reverse their finding. The result is that the judgment must be affirmed.